# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>RICHARD D. LIEBERMAN )<br>McCarthy, Sweeney, & Harkaway, PC )<br>2175 K Street., N.W. )<br>Suite 600 )<br>Washington, DC  20037 )<br> )<br>        Plaintiff, )<br> )<br>    v. )<br> )<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY )<br>601 S. 12th Street, C-3 )<br>Arlington, VA 22202-4220 )<br> )<br>        Defendant. )<br>_____) | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, as amended, to order the production of agency records relating to contracts for guard services in the state of Mississippi, awarded between August 1, 2005 and November 17, 2005.  The Freedom of Information Act Request is identified by reference number DHS/OS/PO 06-105/Lieberman request, and tracking number 06-29.

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. 552(a)(4)(B).

3.    Plaintiff Richard D. Lieberman is a partner of the firm McCarthy, Sweeney and Harkaway, PC.  Mr. Lieberman is the requester of the agency records that have been improperly withheld.

4.     Defendant, The Department of Homeland Security ("DHS") is an agency of the United

States, and has possession of and control over the records that plaintiff seeks.

5.     By letter sent by facsimile and certified mail on November 17, 2005 to the Freedom of

Information Officer of the DHS, Plaintiff requested the following records.

> 1.     A copy of all contracts for guard services in the state of Mississippi, including statement of work ("SOW"), awarded between August 1, 2005 and November 17, 2005.
>
> 2.     Any purchase orders for guard services issued by the DHS in the state of Mississippi under multiple award schedules (Federal Supply Service).
>
> 3.     Any "reasonably segregable" portions of any parts of files or records that are exempt from disclosure, including:
>     a.   all records or portions thereof which are not so exempt;
>     b.   a detailed list and description of all records or portions thereof for which an exemption is claimed; and
>     c.   a discussion of why those records or portions of records are believed to fall within an exemption.

6.     In a letter dated November 22, 2005, Catherine Papoi, Deputy Director, Departmental

Disclosure & FOIA, stated that U.S. Immigration and Customs Enforcement ("ICE") is the

component most likely to have records responsive to the FOIA request and the request had

therefore been forwarded to the FOIA Office for ICE, Gloria Marshall.

7.     Pursuant to 5 U.S.C. 552(a)(6)(C), on December 21, 2005, Plaintiff appealed the failure

of the DHS  to make a determination by either producing the requested documents or issuing a

denial within the 20-day time limit in the FOIA.  Plaintiff's appeal was addressed to the

Associate General Counsel of DHS.

8.     On January 6, 2006 Plaintiff received a letter dated January 3, 2006 from Ms. Maureen

Cooney, the Acting Chief Privacy Officer, which provided no documents in response to

Plaintiff's request.  This letter indicated that the FOIA request had been referred to the United

States Immigration and Customs Enforcement, that DHS had made no internal search for the requested documents, and failed to state a date when the ICE would commence a search for the requested documents or provide the documents.  This letter further indicated that no further response would be forthcoming from the Privacy Office, and thus constituted a denial of Plaintiff's request for documents.

9.      Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for defendant's refusal to disclose them to him.

10.     Defendant DHS's referral to ICE (a component of DHS) does not absolve DHS of its statutory FOIA responsibility.

        WHEREFORE, plaintiff prays that this Court:

(1)  Declare that defendant's refusal to disclose the records requested by plaintiff is unlawful;

(2)  Order defendant to make the requested records available to plaintiff;

(3)  Award plaintiff his costs and reasonable attorneys fees in this action; and

(4)  Grant such other and further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              By_____
                              Richard D. Lieberman
                              DC Bar No. 419303
                              McCarthy, Sweeney and Harkaway, PC
                              2175 K Street, NW
                              Suite 600
                              Washington, DC  20037
Dated: January 31, 2006       Telephone: (202) 775-5560
                              Facsimile:  (202) 293-5574
                              Attorney for Plaintiff

FOIA Complaint Dist. Court